UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| H.M.,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　　-v-<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　Defendant. | 23 Civ. 8642 (RWL)<br><br>**AMENDED PRIVACY ACT ORDER AND PROTECTIVE ORDER** |

　　　　WHEREAS, Plaintiff H.M. ("Plaintiff") brought this action against the United States of America ("United States");

　　　　WHEREAS, certain information Plaintiff seeks in connection with the allegations in the complaint contain information concerning various individuals which may be protected by the Privacy Act of 1974, 5 U.S.C. § 552a (the "Privacy Act"); and

　　　　WHEREAS, pursuant to the provisions of Rule 26(c) of the Federal Rules of Civil Procedure, the Court enters this Privacy Act Order and Protective Order (the "Order"), upon the joint request of the parties, for the purposes of facilitating the disclosure of information that otherwise would be prohibited from disclosure under the Privacy Act, and assuring the confidentiality of information that may be disclosed by the parties or by any non-party agencies, departments, or offices of the United States in the course of discovery proceedings;

　　　　The Court, having found that good cause exists for entry of this Privacy Act Order and Protective Order, HEREBY ORDERS:

　　　　1.　　　Pursuant to 5 U.S.C. § 552a(b)(11), this Order authorizes the United States to produce information that otherwise would be prohibited from disclosure under the Privacy Act without presenting Privacy Act objections to this Court for a decision regarding disclosure.  To the extent the Privacy Act allows the disclosure of information pursuant to a court order, this Order

constitutes such a court order and authorizes the disclosure of that information. Nothing in this paragraph, however, shall require production of information that is prohibited from disclosure (even with the entry of this Order) by other applicable privileges, statutes, regulations, or authorities. The terms of this Order shall govern the safeguarding of such information by all individuals referenced herein.

2. This Order constitutes a court order within the meaning of the Health Insurance Portability and Affordability Act of 1996 ("HIPAA") implementing regulations, 45 C.F.R. § 164.512(a), (e)(1)(i).

3. As used in this Order, the term "Confidential Information" constitutes any and all documents or records, and information contained therein, that contain any confidential, proprietary, personal, or similar information, including but not limited to privileged law enforcement information and information protected from disclosure by the Privacy Act. Information that Plaintiff or the United States deem Confidential Information shall be designated as such by stamping the phrase "Confidential" on any document or record containing Confidential Information prior to the production of such document or record.

4. As used in this Order, the term "Highly Confidential Information" constitutes extremely sensitive Confidential Information whose disclosure to another party or non-party would create a substantial risk of injury that could not be avoided by less restrictive means. Information that Plaintiff or the United States deem Highly Confidential Information shall be designated as such by stamping the phrase "Highly Confidential" on any document or record containing Highly Confidential Information prior to the production of such document or record. Otherwise discoverable information that is protected by the HIPAA implementing regulations and/or relates

to Plaintiff H.M.'s medical condition or treatment shall, in response to a valid discovery request, be designated as Highly Confidential Material pursuant to this Order.

5. Confidential Information includes any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or their counsel in settings that might reveal Confidential Information.

6. Any party who contests the designation of a document or record as Confidential Information shall provide the producing party written notice of its challenge. If the parties cannot resolve this dispute, they shall follow the Federal Rules of Civil Procedure, the Local Civil Rules for the United States District Courts for the Southern and Eastern Districts of New York, the Individual Practices in Civil Cases of the Court, and/or any court orders for addressing discovery disputes. Failure to challenge a designation immediately does not waive a party's ability to bring a later challenge.

7. Except as provided in this Order, all Confidential Information produced or exchanged pursuant to this Order shall be used solely for the purposes of this action and for no other purpose whatsoever, and shall not be published to the general public in any form, or otherwise disclosed, disseminated, or transmitted to any person, entity, or organization, except in accordance with the terms of this Order.

8. Any document or record designated as Confidential Information may be disclosed only to the following Qualified Persons:

    i. The United States;

    ii. Attorneys for the United States, and any support staff or other employees of the United States or attorneys of record for the United States who are assisting in the defense of this action;

    iii. Plaintiff;

iv. Attorneys for Plaintiff, and any support staff or other employees of Plaintiff or attorneys of record of Plaintiff who are assisting in the maintenance of this action;

v. The Court and its personnel;

vi. Any deponent or witness in this action and their attorneys, to whom disclosure is reasonably necessary for this action;

vii. Authors, addressees or recipients of the document, or any other natural person who would have likely reviewed such document during his or her employment as a result of the substantive nature of his or her employment position, or who is specifically identified in the document, or whose conduct is purported to be specifically identified in the document;

viii. Experts or consultants retained for this action by a party or by counsel to a party, and any support staff or other employees for such experts or consultants who are assisting in the expert's work for this action;

ix. Court reporters or stenographers engaged to record deposition testimony, and their employees who are assisting in the preparation of transcripts of such deposition testimony; and

x. Such other persons as hereafter may be authorized by the Court upon motion of any party, or such persons as agreed to in writing by the party who designated the document as Confidential Information.

9. Notwithstanding the foregoing, any documents designated as "Highly Confidential" may only be disclosed to persons other than those identified in Paragraphs 9(ii) and (iv)–(ix) with the prior written consent of the party who designated the document as "Highly Confidential," or an order of the Court.

10. A party may change the designation of any documents or records produced by another party without a designation to a designation of "Confidential" or "Highly Confidential," or designate any documents or records produced as "Confidential" instead as "Highly Confidential," provided that said documents or records contain the upward designating party's own Confidential or Highly Confidential Information. Any such increase in the designation of a document shall be made within 120 days of the date of its production, unless good cause is shown for a later increase in the designation.

11. A copy of this Order shall be delivered to each Qualified Person to whom a disclosure of Confidential Information is made, at or before the time of disclosure, by the party making the disclosure or by its counsel. The provisions of this Order shall be binding upon each such person to whom disclosure is made.

12. All Qualified Persons, including the parties and their respective counsel, to whom Confidential Information is disclosed, are hereby prohibited from disclosing information designated as Confidential Information to any unauthorized person, except as provided in this Order.

13. If a party learns that, by inadvertence or otherwise, it has disclosed Confidential Information to any person or in any circumstance not authorized under this Order, the party must immediately (a) notify in writing the party who designated the Confidential Information as Confidential or Highly Confidential, (b) use its best efforts to retrieve all copies of the Confidential Information, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the Acknowledgement.

14. The parties shall maintain a list of each Qualified Person, person or entity that has been given Confidential Information including a name, date of disclosure, description and category

of Confidential Information disclosed, and relevant contact information of the receiving person or entity.

15. Any deposition questions intended to elicit testimony regarding Confidential Information shall be conducted only in the presence of persons authorized to review the Confidential Information. Any portions of deposition transcripts containing such questions and testimony shall be automatically subject to the same protections and precautions as the Confidential Information.

16. If any party seeks to publicly file with the Court any Confidential Information, or portions of pleadings, motions, or other papers that disclose such Confidential Information, that party shall follow the procedures set forth in the Court's Rules for Redactions and Filing Under Seal which are located in the appendix of the Court's Individual Practices. The parties will use their best efforts to minimize the need to file documents under seal.

17. Nothing in this Order shall preclude any disclosure of Confidential Information to any judge or employee of the Court for purposes of this action.

18. Nothing contained in this Order shall be construed to prejudice any party's right to use in open court any Confidential Information, provided that reasonable notice of the potential disclosure of the Confidential Information shall be given to the producing party so that the producing party may move to seal the document, or otherwise seek to prevent the disclosure or dissemination of the Confidential Information, in advance of its use in open court.

19. If counsel for any party is required by law or court order to disclose, disseminate, or transmit Confidential Information produced under this Order to any person or entity not identified herein as a Qualified Person, the name of that person or entity and the reason access is required shall be provided to the producing party no less than 14 days prior to disclosure,

dissemination, or transmittal so as to provide the producing party sufficient time to object and seek a protective order as necessary. There shall be no disclosure after an objection has been made until the objection has been resolved unless disclosure, dissemination, or transmission is required sooner by law or court order. If Confidential Information produced under this Order is required by law or court order to be disclosed to a person or entity not identified herein as a Qualified Person, the person or entity receiving the Confidential Information shall, before receiving the Confidential Information, be provided with a copy of this Order and shall acknowledge their agreement to comply with this Order by signing a copy of the attached Acknowledgement. A copy of each such Acknowledgement must be provided promptly after its execution to counsel of record for the producing party.

20. Within 30 days after the final disposition of this action, including any and all appeals, all Confidential Information and copies thereof in the possession of any Qualified Persons, other than counsel for the parties, shall be returned to the producing parties or destroyed. If the Confidential Information is destroyed, the party that has destroyed the Confidential Information shall certify in writing to the producing party that the Confidential Information in its possession has been destroyed.

21. If a producing party inadvertently fails to designate material as Confidential Information at the time of production, this shall not in itself be deemed a waiver of any claim of confidentiality as to that Confidential Information. The producing party may correct its failure to designate an item as Confidential Information by taking reasonable steps to notify all receiving persons of its failure, and by promptly supplying all receiving persons with new copies of any documents bearing corrected designations. Within five business days of receiving copies of any documents bearing corrected designations pursuant to this paragraph, the receiving persons shall

return or destroy the improperly designated materials, and certify in writing to the producing party that such materials have been returned or destroyed.

22.     This Order does not constitute any ruling on the question of whether any particular document or category of information is properly discoverable, and does not constitute any ruling on any potential objection to the discoverability, relevance, or admissibility of any document or information.

23.     Nothing in this Order shall be construed as a waiver of any defense, right, objection, or claim by any party, including any objection to the production of documents and any claim of privilege or other protection from disclosure.

24.     Nothing in this Order shall affect the right of any party to seek additional protection against the disclosure of any documents or materials, or of the parties to seek additional disclosures.

25.     Nothing in this Order shall prevent any disclosure of Confidential Information by the party or entity that designated the information as such.

26.     Counsel for the United States will file this proposed Privacy Act Order and Protective Order via ECF on behalf of all parties. Pursuant to Section 8.5(b) of the Electronic Case Filing Rules & Instructions of the U.S. District Court, Southern District of New York, counsel for all parties consent to the electronic filing of this proposed order by counsel for the United States.

Dated: September 6, 2024
      New York, New York

                                DAMIAN WILLIAMS
                                United States Attorney for the
                                Southern District of New York
                                *Attorney for United States of America*

By:   */s/ Danielle J. Marryshow*
       DANIELLE J. MARRYSHOW
       ADAM M. GITLIN
       Assistant United States Attorneys
       86 Chambers Street, Third Floor
       New York, New York 10007
       Tel.: (212) 637-2689/2734
       E-mail: danielle.marryshow@usdoj.gov
               adam.gitlin@usdoj.gov

Dated: September 6, 2024
      New York, New York

                                CLEARY GOTTLIEB STEEN & HAMILTON LLP

By:  */s/ Jeffrey A. Rosenthal*
      Jeffrey A. Rosenthal (jrosenthal@cgsh.com)
      Jessica Metzger (jmetzger@cgsh.com)
      One Liberty Plaza
      New York, New York 10006
      T: 212-225-2000
      F: 212-225-3999

      ROBERT F. KENNEDY HUMAN RIGHTS
      Sarah T. Gillman (gillman@rfkhumanrights.org)
      88 Pine St., Ste. 801
      New York, NY 10005
      (646) 289-5593

      Sarah Decker (decker@rfkhumanrights.org)
      1300 19th Street NW, Suite #750
      Washington, DC 20036
      (908) 967-3245

NEW YORK COUNTY DEFENDER SERVICES
Meagan Hu (mhu@nycds.org)
100 William Street, 20th Floor
New York, New York 10038
(212) 803-5100

SO ORDERED:

_____
HON. ROBERT W. LEHRBURGER
United States Magistrate Judge

Dated: September 6, 2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| H.M.,<br><br>                    Plaintiff,<br><br>          -v-<br><br>UNITED STATES OF AMERICA,<br><br>                    Defendant. | 23 Civ. 8642 (RWL) |

## **ACKNOWLEDGEMENT**

I have read and I understand the Privacy Act Order and Protective Order entered by the Court in the case *H.M. v. United States of America*, No. 23 Civ. 8642 (RWL), and I agree to be bound by its terms.

I further agree to submit to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of enforcing the terms of this Privacy Act Order and Protective Order, even if such enforcement proceedings occur after termination of the above-captioned action.


Date:              _____

Name (printed):    _____

Signature:         _____